UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUAL SANBORN,

       Plaintiff,                          Hon. Paul L. Maloney

v.                                          Case No. 1:20-cv-512

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her

decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was twelve years of age on his alleged disability onset date and thirty years of age on the date of the ALJ's decision. (ECF No. 12-2, 12-4, PageID.100, 216). Plaintiff possesses a ninth-grade education and has no past relevant work experience. (ECF No. 12-2, PageID.54, 98). Plaintiff applied for benefits on April

4, 2017, alleging that he had been disabled since January 1, 2001, due to back problems and depression. (ECF No. 12-5, 12-6, PageID.216-21, 234).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 12-4, PageID.135-214). Following an administrative hearing, ALJ Margaret O'Donnell, in an opinion dated April 18, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 12-2, PageID.47-78, 89-100). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (*Id.*, PageID.79-84). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age,

education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) depression; (2) neurocognitive disorder; and (3) cannabis use disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 12-2, PageID.91-93).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform work at all exertional levels subject to the following limitations: (1) he is limited to work that is simple, routine, repetitive, and does not involve tandem tasks; (2) he can have no interaction with the general public and occasional interaction with co-workers and supervisors; and (3) he can tolerate few, if any, changes in work setting. (*Id.*, PageID.93).

The ALJ found that Plaintiff had no past relevant work at which point the burden shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid*.

In this case, a vocational expert testified that there existed approximately 408,000 light exertional jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (ECF No. 12-2, PageID.73-75). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

**I.    Listings 12.02 and 12.04**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff argues that he is entitled to relief because the ALJ's decision that he fails to satisfy Listings 12.04 or 12.06 is not supported by substantial evidence.

Listing 12.02 addresses neurocognitive disorders and Listing 12.04 addresses depressive, bipolar and related disorders. While these Listings concern different impairments, the showing necessary to satisfy each is similar. Each Listing contains three separate criteria, identified as A, B, and C criteria. The A criteria examines whether the claimant suffers from an impairment addressed by the Listing. The B and C criteria, on the other hand, assess the severity of any such impairment. To satisfy Listing 12.02 or 12.04, the claimant must satisfy the A criteria and either the B or C criteria.

The ALJ determined that Plaintiff could not satisfy the B or C criteria with respect to these Listings. (ECF No. 12-2, PageID.92-93). Plaintiff argues that the ALJ erred by failing to find that he satisfied the B criteria for these Listings. The B criteria for Listings 12.02 and 12.04 are identical:

> B.  Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>
>    1. Understand, remember, or apply information.
>
>    2. Interact with others.
>
>    3. Concentrate, persist, or maintain pace.
>
>    4. Adapt or manage oneself.

The ALJ found that Plaintiff experiences "moderate" limitations in all four areas of functioning. Plaintiff argues that he instead experiences more than moderate limitations in each of these areas of functioning.

With respect to Plaintiff's ability to understand, remember, or apply information, the ALJ noted that while Plaintiff claimed to experience memory difficulties, he did not require reminders to take his medication or care for his personal needs. The ALJ also noted that Plaintiff "likes to play games" and was able to recall his medication history and his children's birthdays. The ALJ's observations are supported by the record, (ECF No. 12-2, 12-6, 12-7, 12-9, 12-10, 12-11, 12-12, PageID.92, 253, 255, 320, 432, 509, 571, 612), and support the conclusion that Plaintiff experiences only moderate limitation in this area of functioning. Plaintiff offers no argument to the contrary.

With respect to Plaintiff's ability to interact with others, the ALJ acknowledged Plaintiff's allegation that he "does not get along with bosses," but also noted that Plaintiff also reported that he had never been fired or laid off because of problems getting along with others. The ALJ also acknowledged that Plaintiff allegedly "has difficulty controlling his anger when frustrated." At the administrative hearing, however, Plaintiff reported that he only experiences this "every once in a while," with the last such episode occurring "a few months ago." (ECF No. 12-2, PageID.57).

-7-

The medical record also suggests that Plaintiff's difficulty in this area is lessened when he participates in counseling and takes his medication as prescribed. (ECF No. 12-9, 12-10, 12-12, PageID.419, 421, 428, 451, 460, 465, 473, 490, 612). The ALJ also noted that Plaintiff has a girlfriend, shops in public, and maintains relationships with people at his church. (ECF No. 12-2, 12-6, 12-8, PageID.69, 92, 251, 254-55, 355). Plaintiff has also reported that he "stays in touch with his siblings" and "maintains good relationships with everyone." (ECF No. 12-8, PageID.381). Plaintiff argues that "it is unclear" how the evidence cited by the ALJ "supports maintaining relationships." This argument is little more than an invitation for this Court to re-weigh the evidence and reach a different conclusion than the ALJ which the Court cannot do.

With respect to Plaintiff's ability to concentrate, persist, or maintain pace, the ALJ acknowledged that Plaintiff has "struggled to comply with his medication regimen." The evidence also reveals, however, that Plaintiff uses a computer, plays games, enjoys repairing cars, bicycles, and mowers, and helps his girlfriend with household activities. (ECF No. 12-2, 12-7, 12-8, PageID.61, 320, 381). Plaintiff argues that his deficiencies in math and reading skills justify a finding that he experiences greater than moderate limitations in this area of functioning. First, the Court does not discern the connection between academic ability and the ability to concentrate, persist, or maintain pace. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00(E)(3) (concentration, persistence, and pace "refers to the abilities to focus attention on work activities and stay on task at a sustained rate"). More

-8-

importantly, even if there does exist a connection between the two, the deficiencies Plaintiff has identified do not support a finding that he suffers more than moderate limitations in this area of functioning.

Finally, with respect to Plaintiff's ability to adapt or manage himself, the ALJ acknowledged that Plaintiff has "struggled to maintain steady housing." The ALJ also noted that Plaintiff "reports that he blacks out when stressed and exhibits misplaced anger." Plaintiff's allegation that he blacks out is not supported by the record, however, and, as already noted, Plaintiff's anger issues are lessened when he participates in counseling and takes his medication as prescribed. As also noted above, the record indicates that Plaintiff shops, maintains good relationships with others, participates in activities, and assists with household activities. Plaintiff's argument that this evidence supports a finding that he is more limited than the ALJ recognized is not persuasive.

Plaintiff bears the burden to demonstrate that he satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002). The evidence identified by Plaintiff falls well short of establishing that he suffers Listing level limitations. In sum, the conclusion by the ALJ that Plaintiff fails to satisfy the requirements of Listing 12.02 or Listing 12.04 is supported by substantial evidence. Accordingly, this argument is rejected.

## II.   Listings 12.05 and 12.06

In his brief, Plaintiff asserts that the ALJ erred by not finding that he satisfied the requirements of Listing 12.05. (ECF No. 16, PageID.635). Plaintiff fails, however, to offer any argument in support of this conclusion. Plaintiff also asserts that the evidence "reasonably support[s]" the conclusion that he satisfies Listing 12.06. (*Id.*, PageID.638). Plaintiff again offers no argument in support of this conclusion.[1]

The Court finds, therefore, that Plaintiff has waived these two arguments. *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at *8 (E.D. Mich., Sept. 19, 2013) (courts do not engage in a self-directed inquiry into the facts because "judges are not like pigs, hunting for truffles buried in" the record); *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones"); *Moore v. Commissioner of Social Security*, 573 Fed. Appx. 540, 543 (6th Cir., Aug. 5, 2014) (citing *Stewart* with approval to find an undeveloped argument waived).

---

[1] While Plaintiff cited *Anthony v. Commissioner of Social Security*, 2019 WL 3941258 at *5 (E.D. Mich., June 18, 2019), the passage cited did not concern Listing 12.06. Thus, in the absence of analysis or argument by Plaintiff, the Court can only guess as to the relevance of this decision in this matter.

### III. Plaintiff's Subjective Allegations

Plaintiff next argues that the ALJ failed to properly assess his subjective allegations. Plaintiff's claim fails for two reasons. First, Plaintiff has failed to identify any subjective allegations which the ALJ allegedly failed to properly assess. Instead, Plaintiff simply argues that the ALJ's assessment is deficient without any discussion or argument how the ALJ allegedly failed to assess any particular subjective allegation. This shortcoming notwithstanding, the ALJ's assessment of Plaintiff's subjective allegations is supported by substantial evidence.

While "pain alone, if the result of a medical impairment, may be severe enough to constitute disability," *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).

Instead, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard. First, it must be determined whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. *See* Titles II and XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 at *3-4 (S.S.A., Mar. 16, 2016). Next, the intensity and persistence of

the claimant's symptoms are evaluated to determine the extent to which such limit his ability to perform work-related activities. *Id.* at *4-9.[2]

As is also well recognized, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Ibid.* It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. *See, e.g., Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) ("[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable").

---

[2] Social Security Ruling 16-3p rescinded Social Security Ruling 96-7p. *Id.* at *1. However, the adoption of this new Social Security Ruling did not alter the analysis for evaluating a claimant's subjective statements. Instead, as the Social Security Administration stated, it was simply "eliminating the use of the term 'credibility' [so as to] clarify that that subjective symptom evaluation is not an examination of an individual's character." *Ibid.* As courts recognize, aside from this linguistic clarification, "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Young v. Berryhill*, 2018 WL 1914732 at *6 (W.D. Ky., Apr. 23, 2018).

At the administrative hearing, Plaintiff testified that he did not experience any restrictions or side effects due to his medications. (ECF No. 12-2, PageID.53, 58). When the ALJ asked Plaintiff whether there were "any medical or physical conditions that limit [his] ability to work," Plaintiff responded, "not really." The ALJ understandably then asked, "why are you here then?" to which Plaintiff responded, "the anger issues." (*Id.*, PageID.56-57). Plaintiff also testified that he experiences "problems with anger" only "every once in a while." (*Id.*, PageID.57). Plaintiff also testified that counseling and medication help him with his anger issues. (*Id.*, PageID.59). As noted above, the medical evidence demonstrates that Plaintiff's anger issues respond favorably to counseling and medication.

Plaintiff also testified that he regularly experiences suicidal thoughts. (*Id.*, PageID.65-67). There is no indication in the record, however, that Plaintiff's care providers considered that this circumstance warranted more than medication and outpatient treatment. Plaintiff acknowledged that he had developed with his counselor a "safety plan" which enables him to deal with his suicidal thoughts when they occur. (*Id.*, PageID.68-69).

To the extent Plaintiff alleges that his impairments and limitations impair him to a greater degree than the ALJ recognized in her RFC assessment, the ALJ's decision to discount Plaintiff's subjective allegations as lacking support in the record is supported by substantial evidence. Accordingly, this argument is rejected.

### IV.   Sentence Six Remand

On August 27, 2019, Plaintiff participated in psychological testing, the results of which indicated that he possesses a full-scale IQ of 67.[3] (ECF No. 12-2, PageID.105). The psychologist who evaluated Plaintiff, Dorothy Berg, Ph.D., concluded that Plaintiff suffered from "mild" intellectual disability. (*Id.*). Plaintiff argues that he is entitled to a remand, pursuant to sentence six of 42 U.S.C. § 405(g), so that this evidence can be considered. The Court disagrees.

It is well understood that this Court cannot consider evidence that was not presented to the ALJ. *See Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996); *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir.2001). Plaintiff bears the burden of making this showing. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th

---

[3] In the conclusion of her report, Dr. Berg reported that Plaintiff has a full-scale IQ of 50. (ECF No. 12-2, PageID.106). This appears to be a typographical error, however, given the preceding content in her report as well as the hand-written notation on the chart accompanying her report. (*Id.*, PageID.105-07). Plaintiff has presented no evidence suggesting otherwise.

Cir. 2006).   Plaintiff's claim fails because he cannot demonstrate that consideration of the evidence in question is likely to result in a different outcome.

First, Dr. Berg made no findings or conclusions which are in any way inconsistent with the ALJ's decision.   Second, Plaintiff's argument that consideration of this evidence would have resulted in a finding that he satisfied Listing 12.02 is unpersuasive.

Plaintiff argues that the results of his August 2019 testing reveal that he suffered a "significant cognitive decline from a prior level of functioning" thereby satisfying the A criteria of Listing 12.02.  *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.02(A).   Plaintiff's argument, however, is premised on the assertion that his August 2019 testing revealed that he possesses an IQ of 50.   As already noted, however, the Court is not persuaded by this interpretation of Dr. Berg's report.   Moreover, even if the Court assumes that Plaintiff's August 2019 testing supports the conclusion that Plaintiff suffered a "significant cognitive decline from a prior level of functioning," such, at most, only satisfies the A criteria of Listing 12.02. As discussed above, however, Plaintiff would still have to satisfy the B or C criteria of this Listing.   Plaintiff offers no argument, and the Court fails to discern, how this new evidence would satisfy this additional requirement.   Accordingly, this argument is rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: March 17, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge