UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SAMUAL C. SANBORN,<br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>    Defendant. | )<br>)<br>)  No. 1:20-cv-512<br>)<br>)  Honorable Paul L. Maloney<br>)<br>)<br>)<br>) |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip J. Green, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on March 17, 2021 (ECF No. 19). The R&R recommends affirming the Commissioner's decision denying benefits. Plaintiff Samual Sanborn timely filed an objection (ECF No. 20); the Commissioner timely responded (ECF No. 21).

Plaintiff is entitled to de novo review on the portions of the R&R for which he has articulated clear and specific objections. Fed. R. Civ. P. 72(b)(3). But "objections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (quoting *Nickelson v. Warden*, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012)). And similarly, the Court is not obligated to address objections that do not identify specific errors in the magistrate judge's proposed recommendations. *Id.*

This Court's review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial legal evidence. *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). "This Court may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

Plaintiff brings two objections, which the Court will address in turn. First, Plaintiff argues that substantial evidence supported a finding that no listing was met or equaled. Plaintiff's objection presents the same evidence outlined in his initial brief and argues that this evidence is contrary to the ALJ's conclusion. However, the ALJ's finding can be supported by substantial evidence even if contrary evidence exists. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). In essence, Plaintiff argues that the ALJ and the magistrate judge failed to properly consider or weigh pieces of evidence. It is not this Court's place to reweigh or reconsider the evidence. Accordingly, this objection will be overruled.

Plaintiff's second objection argues that the August 27, 2019 IQ testing was new and material evidence that would have altered the ALJ's outcome, but Plaintiff does not explain how or why it would have altered the ALJ's outcome. Plaintiff simply states that it "could" have altered how the ALJ evaluated the case (ECF No. 20 at PageID.685). In any event, the Court concludes that the new evidence that Plaintiff suffered from an intellectual disability is not inconsistent with the ALJ's conclusion that Plaintiff could perform "simple, routine, repetitive"—essentially unskilled—work.

The Court finds no errors in the magistrate judge's analysis, so the Court will overrule Plaintiff's objection. Accordingly,

**IT IS HEREBY ORDERED THAT** the Court **ADOPTS** the Report and Recommendation (ECF No. 19) as the Opinion of the Court, **OVERRULES** Sheffer's objection (ECF No. 20), and **AFFIRMS** the decision of the Commissioner denying benefits to Plaintiff.

Judgment to follow.

**IT IS SO ORDERED.**

**Date:** April 29, 2021                                       /s/ Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                United States District Judge